# PICK & ZABICKI LLP

### ATTORNEYS AT LAW

369 Lexington Avenue, 12th Floor
New York, New York 10017

Douglas J. Pick
Eric C. Zabicki

Telephone: (212) 695-6000
Facsimile: (212) 695-6007
E-mail: DPick@picklaw.net

March 23, 2021

**VIA ECF**
The Honorable Mary Kay Vyskocil, U.S.D.J.
U.S. District Court for the Southern District of New York
500 Pearl Street, Courtroom 18C
New York, New York 10007

Re:   *Li v. Multicultural Radio Broadcasting, Inc.* - *1:20-cv-6465 (MKV)*

Dear Judge Vyskocil:

My office is counsel to Multicultural Radio Broadcasting, Inc., the defendant in the above-captioned case ("MRBI"). I write pursuant to Your Honor's Individual Rules of Practice to request an immediate pre-motion conference to discuss MRBI's requested filing of a motion to dismiss this case for lack of subject matter jurisdiction.

As Your Honor is aware, this case involves claims of unpaid overtime and retaliation under the New York Labor Law and the Fair Labor Standards Act asserted by plaintiff Ying Li and MRBI, Li's former employer (collectively, the "Labor Law Claims"). According to Ms. Li's Complaint, the Labor Law Claims accrued during the period January 7, 2013 to January 4, 2019. Through discovery, MRBI learned that, on February 16, 2019, Ms. Li had filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York (*see In re Ying Li*, Bankr. E.D.N.Y. Case No. 19-40928 (ESS)). A copy of the Docket Report regarding the bankruptcy case is attached hereto. Upon the filing of her chapter 7 petition, the Labor Law Claims, which had fully accrued prior thereto, became property of Ms. Li's estate pursuant to 11 U.S.C. § 541(a). However, a review of the schedules and other required statements filed in her bankruptcy case confirm that Ms. Li failed to disclose the existence of the Labor Law Claims as assets of her chapter 7 estate. On March 27, 2019, a "Chapter 7 Trustee's Report of No Distribution" was filed by the Chapter 7 Trustee of Ms. Li's estate (Robert Musso, Esq.) and a final decree closing the case was entered on July 18, 2019.

On February 26, 2021 a deposition was taken of Ms. Li which was continued on March 19, 2021. Ms. Li testified that she was terminated from her employment with MRBI on January 4, 2019 and that she was provided with a "Termination Letter" that same day which allowed for certain severance benefits (*i.e.*, five (5) weeks of severance pay) to be paid to her upon her signing the letter. Ms. Li testified that she chose not to sign the January 4, 2019 Termination

The Honorable Mary Kay Vyskocil, U.S.D.J.
March 23, 2021

Letter believing that she was wrongfully terminated and that she wanted to preserve her legal rights against the company. She thereafter met with Bankruptcy Counsel and on February 12, 2019 signed a Voluntary Chapter 7 Petition in bankruptcy which was filed with the Bankruptcy Court on February 16, 2019. She could not recall whether or not she had provided a copy of the January 4, 2019 Termination Letter to her Bankruptcy Counsel. However, she testified that her Bankruptcy Counsel carefully went over the Chapter 7 Petition with her prior to her signing it and that the issue of wrongful termination did not come up at the initial meeting of creditors held pursuant to section 341 of the Bankruptcy Code.

Respectfully, based on the foregoing facts, it is evident that Ms. Li lacks standing to prosecute, and this Court lacks jurisdiction to hear and determine, the Labor Law Claims. Specifically, as this Court stated in *Ibok v. SIAC-Sector, Inc.*, 05-cv-6584, 2011 U.S. Dist. LEXIS 7312 (S.D.N.Y. January 27, 2011):

> When a debtor files for bankruptcy protection, his assets, including legal and equitable interests, become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1); *Rosenshein v. Kleban*, 918 F. Supp. 98, 102 (S.D.N.Y. 1996). "[E]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541," *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) (*per curiam*) (internal quotation marks and citation omitted) (bracket in original), *cert. denied*, 555 U.S. 1213, 129 S. Ct. 1534, 173 L. Ed. 2d 658 (2009), including "causes of action owned by the debtor," *id.* (*citing Seward v. Devine*, 888 F.2d 957, 963 (2d Cir. 1989)). The "assets within the estate are those that exist 'as of the commencement of the case.'" *Id.* (quoting 11 U.S.C. § 541(a)). Thus, "[p]re-petition causes of action belonging to the debtor are included among the estate's assets." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 2005 U.S. Dist. LEXIS 7714, 2005 WL 1018187, at *2 (S.D.N.Y. Apr. 29, 2005) (citations omitted). The bankruptcy code mandates the appointment of a trustee to administer the property within the bankruptcy estate for the benefit of the debtor's creditors. *See* 11 U.S.C. § 704. This includes the pursuit of any claims or causes of action maintained by the debtor. *See Kassner*, 2005 U.S. Dist. LEXIS 7714, 2005 WL 1018187, at *2.
>
> Under the bankruptcy code, a debtor is obligated "to disclose all his interests at the commencement of a case." *Chartschlaa*, 538 F.3d at 122 (*citing* 11 U.S.C. §§ 521(a)(1)(B)(i), (iii)); *accord Kassner*, 2005 U.S. Dist. LEXIS 7714, 2005 WL 1018187, at *3 (citations omitted). This includes, inter alia, the filing of "a schedule of assets and liabilities" and "a statement of the debtor's financial affairs" with the bankruptcy court. 11 U.S.C. §§ 521(a)(1)(B)(i), (iii); *accord Rosenshein*, 918 F. Supp. at 102. Disclosure by a debtor is "essential to the proper functioning of the bankruptcy system," and

The Honorable Mary Kay Vyskocil, U.S.D.J.
March 23, 2021

"the Bankruptcy Code severely penalizes debtors who fail to disclose assets." *Chartschlaa*, 538 F.3d at 122. While property disclosed by the debtor that has not been administered by the bankruptcy trustee is deemed abandoned when the bankruptcy court closes the case, see 11 U.S.C. § 554, "undisclosed assets automatically remain property of the estate after the case is closed," *Chartschlaa*, 538 F.3d at 122 (citing 11 U.S.C. §§ 554(c)-(d)); *accord Ayazi v. N.Y. City Bd. of Educ.*, 315 Fed. Appx. 313, 314 (2d Cir. 2009). As a result, even after discharge of the bankruptcy estate, the debtor "lacks standing to pursue" a claim that he failed to disclose. *See, e.g., Coffaro v. Crespo*, 721 F. Supp. 2d 141, 148 (E.D.N.Y. 2010) (listing cases); *Kassner*, 2005 U.S. Dist. LEXIS 7714, 2005 WL 1018187, at *3 ("the debtor loses all rights to pursue an undisclosed cause of action in his own name") (citations omitted). Accordingly, an undisclosed claim brought by a debtor must be dismissed. *See Rosenshein*, 918 F. Supp. at 103 ("because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claim[] after emerging from bankruptcy and the claim[] must be dismissed").

*Id.* at *9-11; *see also Isnady v. Walden* 18-cv-02662, 2019 U.S. Dist. LEXIS 121125at *17-18 (S.D.N. Y. July 19, 2019) ("In the bankruptcy context, judicial estoppel is frequently invoked to prevent a party who fails to disclose a claim in bankruptcy proceedings from asserting that claim after discharge.") (citations omitted).

   With the foregoing in mind, MRBI respectfully submits that it should be permitted to immediately file a motion to dismiss this action with prejudice. MRBI further respectfully submits that further discovery with regard to this case should be stayed pending the outcome of MRBI's motion to dismiss. Accordingly, MRBI respectfully requests an immediate pre-motion conference or, alternatively, requests that such a conference be waived by the Court.

   Thank you for your consideration with regard to this matter.

Respectfully,

Douglas J. Pick

Enc.
cc:   Douglas Lipsky, Esq.
      Gi Nam Lee, Esq.

2

IndBusDB, CLOSED

**U.S. Bankruptcy Court**
**Eastern District of New York (Brooklyn)**
**Bankruptcy Petition #: 1-19-40928-ess**

| | |
|---|---|
| *Date filed:* | 02/16/2019 |
| *Date terminated:* | 07/18/2019 |
| *Debtor discharged:* | 07/18/2019 |
| *341 meeting:* | 03/25/2019 |
| *Deadline for objecting to discharge:* | 05/24/2019 |
| *Deadline for financial mgmt. course:* | 05/24/2019 |

*Assigned to:* Elizabeth S. Stong
Chapter 7
Voluntary
No asset

*Debtor disposition:*  Standard Discharge

**Debtor**
**Ying Li**
136 Bay 7th Street
Apt. 2
Brooklyn, NY 11228
KINGS-NY
SSN / ITIN: xxx-xx-6802

represented by **Yimin Chen**
Law Offices of Chen & Associates
39-15 Main Street, Suite 502
Flushing, NY 11354
(718)886-1858
Fax : (800) 490-0564
Email: chenattorney@yahoo.com

**Trustee**
**Robert J Musso**
26 Court Street
Suite 2211
Brooklyn, NY 11242
(718) 855-6840

**U.S. Trustee**
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 02/16/2019 | 1 (65 pgs) | Chapter 7 Voluntary Petition for Individuals. Fee Amount $335 Filed by Yimin Chen on behalf of Ying LI (Chen, Yimin) (Entered: 02/16/2019) |
| 02/16/2019 | | Receipt of Voluntary Petition (Chapter 7)(1-19-40928) [misc,volp7a] ( 335.00) Filing Fee. Receipt number 17641910. Fee amount 335.00. (re: Doc# 1) (U.S. Treasury) (Entered: 02/16/2019) |
| 02/16/2019 | 2 (1 pg) | Certificate of Credit Counseling for Debtor Filed by Yimin Chen on behalf of Ying LI (Chen, Yimin) (Entered: 02/16/2019) |
| 02/16/2019 | 3 (3 pgs) | List of Creditors Filed by Yimin Chen on behalf of Ying LI (Chen, Yimin) (Entered: 02/16/2019) |
| 02/16/2019 | 4 (1 pg) | Pre-Petition Statement Pursuant to E.D.N.Y LBR 2017-1 Filed by Yimin Chen on behalf of Ying LI (Chen, Yimin) (Entered: 02/16/2019) |
| 02/16/2019 | | Meeting of Creditors Chapter 7 No Asset & Appointment of Chapter 7 Trustee, Robert J Musso, , 341(a) Meeting to be held on 03/25/2019 at 03:00 PM at Room 2579, 271-C |

| | | |
|---|---|---|
| | | Cadman Plaza East, Brooklyn, NY . Last day to oppose discharge or dischargeability is 05/24/2019 . Financial Management Certificate due by 05/24/2019 . (Entered: 02/16/2019) |
| 02/19/2019 | 5 (6 pgs; 4 docs) | Request for Notice - Meeting of Creditors Chapter 7 No Asset (cns) (Entered: 02/19/2019) |
| 02/19/2019 | 6 (1 pg) | Employee Income Records / Copies of Pay Statements Filed by Yimin Chen on behalf of Ying Li (Chen, Yimin) (Entered: 02/19/2019) |
| 02/21/2019 | 7 (3 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 02/21/2019. (Admin.) (Entered: 02/22/2019) |
| 02/21/2019 | 8 (3 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 02/21/2019. (Admin.) (Entered: 02/22/2019) |
| 03/27/2019 | | Chapter 7 Trustee's Report of No Distribution: I, Robert J Musso, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 0.00, Assets Exempt: $ 47788.97, Claims Scheduled: $ 101329.19, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 101329.19. (Musso, Robert) (Entered: 03/27/2019) |
| 04/01/2019 | 9 (1 pg) | Certificate of Debtor Education or Official Form 423 Certification About a Financial Management Course Filed for Debtor. Debtor Certificate Number: 14424-NYE-DE-032509065 Filed by Yimin Chen on behalf of Ying Li (RE: related document(s) Judge / Trustee / 341 Meeting Assignment (Chapter 7)) (Chen, Yimin) (Entered: 04/01/2019) |
| 04/02/2019 | 10 (17 pgs; 2 docs) | Reaffirmation Agreement Between Debtor and Creditor JPMorgan Chase Bank, N.A. Filed by Aleksander Piotr Powietrzynski on behalf of JPMORGAN CHASE BANK, N.A. (Attachments: # 1 Itemization and Supporting Documentation) (Powietrzynski, Aleksander) (Entered: 04/02/2019) |
| 05/01/2019 | 11 (4 pgs; 2 docs) | Order Scheduling Hearing on Reaffirmation Agreement. If before the May 27, 2019 hearing, the Debtor files an amended Reaffirmation Agreement curing the deficiency on the certification by their attorney, and notifies the Court of the amended filing, then the Court may mark off the May 27, 2019 hearing from the Courts calendar and enter an order approving the Reaffirmation Agreement (related document(s)10 Reaffirmation Agreement filed by Creditor JPMORGAN CHASE BANK, N.A.). Signed on 5/1/2019; Hearing scheduled for 5/23/2019 at 09:30 AM at Courtroom 3585 (Judge Stong), Brooklyn, NY. (cjm) (Entered: 05/01/2019) |
| 05/03/2019 | 12 (4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 05/03/2019. (Admin.) (Entered: 05/04/2019) |
| 05/20/2019 | 13 (11 pgs) | Amended Reaffirmation Agreement Between Debtor and Creditor JPMorgan Chase Bank, N.A. Filed by Yimin Chen on behalf of Ying Li (Chen, Yimin) (Entered: 05/20/2019) |
| 05/22/2019 | 14 (5 pgs; 2 docs) | Order Approving Reaffirmation Agreement. The May 23, 2019 hearing on the Reaffirmation Agreement is markedoff the calendar, and no appearance is required on that date.(RE: related document(s)10 Reaffirmation Agreement filed by Creditor JPMORGAN CHASE BANK, N.A., 11 Order to Schedule Hearing , 13 Reaffirmation Agreement filed by Debtor Ying Li). Signed on 5/22/2019 (sej) (Entered: 05/22/2019) |
| 05/23/2019 | | Marked Off without hearing (related document(s): 10 Reaffirmation Agreement filed by JPMORGAN CHASE BANK, N.A., 11 Order to Schedule Hearing (Generic), 14 Order Approving Reaffirmation Agreement signed 5/22/19) (sjackson) (Entered: 05/23/2019) |

| 05/24/2019 | 15 (5 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 05/24/2019. (Admin.) (Entered: 05/25/2019) |
|---|---|---|
| 05/24/2019 | 16 (4 pgs; 2 docs) | Corrected Order Scheduling Hearing on Reaffirmation Agreement. The Court will hold a hearing on the Reaffirmation Agreement on May 23, 2019 at 9:30 a.m. If before the May 23, 2019 hearing, the Debtor files an amended Reaffirmation Agreement curing the deficiency on the certification by their attorney, and notifies the Court of the amended filing, then the Court may mark off the May 23, 2019 hearing from the Courts calendar and enter an order approving the Reaffirmation Agreement (related document(s)10 Reaffirmation Agreement, 11 Order to Schedule Hearing). Signed on 5/24/2019 (cjm) (Entered: 05/28/2019) |
| 05/30/2019 | 17 (4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 05/30/2019. (Admin.) (Entered: 05/31/2019) |
| 07/18/2019 | 18 (3 pgs; 2 docs) | Order Discharging Debtor and Final Decree Chapter 7; Copy to Trustee, US Trustee. Signed on 7/18/2019 (cjm) (Entered: 07/18/2019) |
| 07/18/2019 | | Bankruptcy Case Closed (cjm) (Entered: 07/18/2019) |
| 07/20/2019 | 19 (3 pgs) | BNC Certificate of Mailing with Chapter 7 Discharge and Chapter 7 Final Decree Notice Date 07/20/2019. (Admin.) (Entered: 07/21/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/23/2021 09:19:43 | | | |
| **PACER Login:** | dpick1954 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1-19-40928-ess Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |